UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES BOLDEN**<br>    **LA. DOC # 480527**<br>**VS.**<br><br>**KENNY JOHNOGAN and**<br>**DEPUTY QUINN** | **CIVIL ACTION NO. 3:10-cv-1427**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff James Bolden, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 14, 2010.  When he filed the complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he was incarcerated at the Richland Parish Detention Center in Rayville, Louisiana; however, he complained that he was the victim of excessive force while he was incarcerated at the River Bend Detention Center (RBDC). Plaintiff sued Corrections Officer Kenny Wayne Johnogan and Deputy Quinn[1] praying for compensatory damages and his transfer to an LDOC facility. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

---

[1] Plaintiff claimed that he "... was beat with medal [sic] detector and hand cuffs in my head and hands from trying to cover up. I was [stomped] in my back, head and neck by Sgt. Johnogan. Two other officers help [sic]  when I tried to move in front [of] the cameras to show the beating..." Doc. #1, ¶IV.

*Statement of the Facts*

Plaintiff filed his pro se complaint and application to proceed in forma pauperis on September 14, 2010. [Docs. #1 and 2] On September 20, 2010, he was permitted to proceed in forma pauperis. [Doc. #3] On November 24, 2010, an initial review was completed and plaintiff was ordered to amend his complaint to provide additional details. [Doc. #4] He complied with that order on December 27, 2010. [Doc. #5] On February 15, 2011, the undersigned approved service of process and directed plaintiff to prepare the necessary papers and return them to the court on or before March 17, 2011, in order that the appropriate documents could be served on the defendants by the United States Marshal. [Doc. #6] On February 25 and 28, 2011, the court's correspondence was returned as undeliverable with the notation that plaintiff could not be located. [Docs. # 7 and 8] Plaintiff has not contacted the court since December 27, 2010, and he has not advised the court of his present whereabouts.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to comply with an order directing him to prepare the necessary documents to serve on the defendants; that failure on his part warrants dismissal of the complaint. Further, Local Rule 41.3 provides in part, "The failure of ... [a] pro se litigant to keep

the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since correspondence to plaintiff was returned as undeliverable and plaintiff has yet to apprise the court of his current whereabouts.

The undersigned finds that dismissal at this time will probably result in the loss of the cause of action due to prescription. In other words, the applicable statute of limitations will probably bar plaintiff from re-filing the instant suit. Thus, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a Rule of this court and failed to keep the court apprised of his current whereabouts. Further, he has made no attempt to contact the court since December 2010, a period in excess of four months. Since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover,

dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's failure to abide by court rules must be personally attributable to him as a *pro se* litigant.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, April 19, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE